HATCHETT, Justice,
concurring in part, dissenting in part.
I concur with the majority in returning this case to the Board of Bar Examiners for further action in accord with the rule announced today. That rule is that “the securing of a discharge in bankruptcy is [not] an act inherently requiring the denial of admission to the Bar.”
*461 Because there may be other cases involving applicants who have filed bankruptcy petitions, I find it important to more carefully delineate the scope of this court’s review where bankruptcy is a factor. In doing so, I dissent to that portion of the opinion which finds that the applicant’s activities proved him unfit. The majority’s suggestion that a prospective lawyer seeking release from bankruptcy must consider future employment prospects before filing his petition places a “chilling” effect on his exercise of his right to be “freed from debt” and invades areas exclusively reserved for federal action under Article I, Section 8, of the Constitution of the United States. The fact that the applicant failed to produce (or chose not to produce) written evidence of correspondence at an informal hearing proves nothing. The Referee in bankruptcy found sufficient evidence to grant the applicant’s petition in bankruptcy. This court is prohibited from further investigation into that finding.
Requesting Bar admission forms in February is insufficient proof that one had already made a decision to practice law in Florida in April.
While I disapprove of the course of conduct followed by this applicant and hundreds of other students who used this lawful route to avoid repayment of loans, I do not think we should impermissibly stretch the boundaries of our jurisdiction to accommodate this special situation.